# Kochesperger, Appellant, v. Philadelphia Rapid Transit Company.

*Negligence—Street railways—Infant—Evidence—Nonsuit.*

In an action against a street railway company to recover damages for personal injuries to a boy six years old, struck by a street car at a crossing, a nonsuit is properly entered where the only evidence tending in any degree to show negligence on the part of the defendant, was that of a woman who said that when she saw the motorman approaching the crossing, and half a square from it; he was looking to one side into a park, without any statement on her part as to how long the motorman continued to look to the side, or any statement on her part that he was not attending properly to his duties when the car reached the crossing.

Argued Jan. 23, 1907. Appeal, No. 253, Jan. T., 1906, by plaintiffs, from order of C. P. No. 5, Phila. Co., June T., 1904, No. 647, refusing to take off nonsuit in case of Josiah Kochesperger by his next friend, James W. Kochesperger, v. Philadelphia Rapid Transit Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries to a boy six years old. Before MARTIN, P. J.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*Eugene Raymond*, for appellants.

*Thomas Leaming*, with him *Russell Duane*, for appellee.

PER CURIAM, April 1, 1907 :

The only evidence tending in any degree to show negligence on the part of the defendant company was that of a woman who said that when she saw the motorman approaching the crossing he was looking to one side into the park. She said

the plaintiff was crossing Ridge avenue from the west or park side to the east when he was caught by the fender. In this she was directly contradicted by the plaintiff himself, who testified that he had been in the park but had come out and crossed Ridge avenue at Cumberland street, played there with another boy for a little while and then started back again across Ridge avenue, followed or chased by the other boy. These were the only witnesses who testified to personal knowledge of how the accident occurred, and their testimony was in irreconcilable conflict. If it be conceded that the conflict was one for the jury to settle, the plaintiff's case still must rest on the testimony of the woman Agnes Barr. It is very vague and self-contradictory, leaving a strong impression that she was not really there at all. The only direct statement bearing on the question of negligence was that " the man (motorman) was looking on the other side of the park." The car at that time was half a square away from Cumberland street, and she does not say how long the motorman continued to look to the side nor that he was not attending properly to his duties when the car reached the Cumberland street crossing. Even if her testimony had been left to the jury and they found it credible, the court would have been obliged to say that it contained no proof of negligence on the part of the defendant.

Judgment affirmed.